## WEILER v PENNSYLVANIA RD. CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5626. Decided Oct 30, 1939

Edward M. Ballard, Cincinnati, for appellant.

Taft, Stettinius & Hollister, Cincinnati; John H. Clippinger, Cincinnati, and John W. Hudson, Cincinnati, for appellee.

484

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The plaintiff instituted an action for damages against the defendant Railroad Company based upon injuries received, when the automobile in which she was a guest was struck by a locomotive operated over a highway grade crossing in the city of Reading, Ohio.

In view of our conclusion upon this case, we refrain from any extended discussion of the evidence.

The court gave the following special instruction to the jury at the request of the defendant:

"I charge you that if you find that the crossing whistle was sounded, that the engine bell was ringing, that the flasher lights were flashing and that the train on approaching the railroad crossing was slowing down in order to stop at the station in Reading and was running at a reasonable rate of speed for trains under the circumstances then existing, the defendants were not guilty of any negligence charge in the second amended petition and your verdict must be for the defendants."

This charge, aside from the consideration that it lays emphasis upon certain isolated portions of the evidence, which fault in instructions has been repeatedly criticized by the courts, is definitely misleading. **Simpson v Newinger et, 28 Oh Ap 133.** In effect, the charge informs the jury that if the train was traveling over the crossing at a reasonable speed, then although neither whistle nor bell was sounded, nor flasher light shown until the locomotive was on the crossing, the defendants would meet the statutory requirement, as well as the requirement upon the railroad to use reasonable care in the operation of its trains over the right of way where it crossed a highway in a city or village. **34 O. Jur.**

816; §8853 GC; **Rd. Co. v Crawford, 24 Oh St 631, 635.**

The charge given permitted the jury to ignore such requirements. It was erroneous and prejudicial.

The court refused to give the following special charge requested by the plaintiff:

"I charge you that the plaintiff is not chargeable with nor in any wise responsible for the conduct of Mr. Doty who was driving the automobile so that whatever Mr. Doty may have done or failed to do the defendants are nevertheless liable if they themselves or either one of them were negligent in any of the respects charged in the second amended petition and that negligence directly contributed to the proximate cause of plaintiff's injury unless the plaintiff herself was also negligent."

The fact that a somewhat similar charge was given does not eliminate the error presented by the refusal to give this special instruction, which stated a correct proposition of law applicable to an issue in the case, and not covered by another special instruction.

The giving of charge No. 2 for the defendant and the failure to give charge No. 1 for the plaintiff constituted prejudicial and reversible error. **Washington Fidelity National Ins. Co. v Herbert, 125 Oh St 591.**

The court, after hearing evidence upon the reasonableness of a city ordinance providing for a six mile speed limit for railroad trains, excluded the ordinance. In this, the court committed no error. The court followed the procedure prescribed in **Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v Grambo, Sr., Admr., 103 Oh St 471.** In this case, at page 486 of the opinion, the court quotes from Lusk v Town of Dora, 224 Fed. Rep. 650:

"And in proposition three of the syllabus:

'The reasonableness of a municipal ordinance, while a question of law, depends on the peculiar facts in each case.' "

And, again, on page 487, the court say·

"We are persuaded that if in the trial of the case before us the defendant has been permitted to develop the issuable facts set out in the amended answer there would have been presented for solution of court and jury a different situation; and following the line of decisions above mentioned we reach the conclusion that the trial court erred in its ruling on the motion to strike out the matters appearing in the amended answer, and that the charge of the court in respect to the validity of the ordinance, as that validity is reflected by its reasonableness or unreasonableness in this case, while consistent of course with its holding on the motion, nevertheless constituted prejudicial error."

Reference to the ordinance had been also excluded from the plaintiff's amended petition. The plaintiff had the right to plead the ordinance and the defendant had the right to attack same. The question was one for the determination of the court.

For the reasons given, the judgment of the Court of Common Pleas is reversed and the case is remanded for a new trial.

HAMILTON, PJ. and MATTHEWS, J., concur.